IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Michael Pooner** | * | |
| *On behalf of himself and Others similarly situated* | * | |
| | * | |
| **Plaintiff** | | |
| | * | |
| v. | | Case No. 1:18-cv-01736-SAG |
| | * | |
| **Mariner Finance, LLC,** *et al.* | | |
| | * | |
| **Defendants** | | |

**JOINT MOTION FOR APPROVAL OF
FLSA SETTLEMENT AGREEMENT**

Plaintiff, Michael Pooner, together with Defendants Mariner Finance, LLC, Joshua Johnson, and Michele Strohm (collectively, the "Defendants"), jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.[1]

In support of the foregoing, the parties submit the following:

1. Plaintiff filed a Collective Action Complaint alleging unpaid wages in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland Wage and Hour Law, Md. Code Ann., LE Art. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art. § 3-501 *et seq.* ("MWPCL").

---

[1] Plaintiff also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL"). While there is a requirement that FLSA settlements be supervised by the Court or by the U.S. Department of Labor, there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved. Therefore, the focus on this Motion is on the FLSA claims brought by the Plaintiff, as that claim is the only claim that requires judicial approval.

2. Plaintiff alleged that due to the nature and responsibilities of his job position, he was required to spend approximately 30 minutes after the scheduled end of his shift to make bank deposits, and he was not compensated for that time.  Plaintiff further alleged that Defendants would not approve any overtime that was reported on weekly timesheets.

3. Defendants countered that Plaintiff did not work the excess time as he alleged, that they had no knowledge of any overtime (as Plaintiff failed to report any such overtime worked), and if Plaintiff did work any overtime it was *de minimis*.  Defendants contend that their time records are accurate, and that Plaintiff signed off on each week's time records without challenging their validity.

4. Plaintiff filed a Motion for Conditional Certification of an FLSA class, seeking conditional certification of the lawsuit, (ECF Doc. 17), but the Motion was denied by the Court.  (ECF Doc. 26).

5. Plaintiff then sought pre-certification discovery, (ECF Doc. 32), which the Court granted in a limited capacity.  (ECF Doc. 41).  However, the responses to Plaintiff's pre-certification discovery inquiries were generally tepid.  As a result, Plaintiff informed Defendants that they would be proceeding on an individual basis.

6. The Parties engaged in further discovery, exchanging wage and hour and wage payment records for Plaintiff Pooner.  Plaintiff's counsel conducted a thorough review of the documents provided by Defendants and calculated the amount of wages Plaintiff was allegedly owed based on his recollection of the extra time he worked.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  However, Defendants continued to challenge Plaintiff's allegations that he worked no uncompensated time.

7. Given the differences of the parties that exist in this case, the fact that the Parties had

already been litigating for nearly two years, the mounting costs, and the relatively low amount of damages Plaintiff alleged he was owed, the Parties engaged in arms-length negotiations beginning in March of 2020 and a Settlement Agreement was reached through these discussions. (Exh. 1).

8. Under the attached Settlement Agreement, Plaintiff will recover $8,400.00. From Plaintiff's perspective, this amount is 2x (liquidated damages, rounded up) the amount of unpaid wages alleged by Plaintiff, and represents a full recovery under the FLSA. From the Defendants' perspective, however, who do not admit to any liability whatsoever in this settlement, this is payment is being made to avoid the costs and uncertainties of litigation.

9. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.'" *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.'" Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by

the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must " 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.' " *Duprey*, 2014 WL 2174751 at *2 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

10. However, neither the Fourth Circuit nor any Judge in this District has addressed the issue of what review is necessary where, as here, the parties agree that the settlement represents full relief under the FLSA. The parties submit that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v. Miller*, 307 Fed. Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation of his

claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003).  The Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.

11. However, while Plaintiff's counsel represents that the recovery represents a full relief of his FLSA claims, and Defendants' position that they agreed to settle this case to bring an end to the litigation, the Court may still find it appropriate to briefly consider the numerous factors that are considered when determining whether a settlement is "fair and reasonable."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) (" '(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.' ") (*quoting Lomascolo*, 2009 WL 3094955, at *10).

12. Regarding the discovery conducted, Plaintiff has engaged in discovery related to his own employment resulted in wage and hour and wage payment documents from which he could calculate his alleged unpaid wages.  As for the circumstances surrounding the negotiations, the desire for both Parties to settle stem from the posture of the case, the duration of the litigation, and the potential costs, risks and outcomes relative to Plaintiff's individual alleged recovery.  And finally, both Parties were represented by experienced and capable counsel.  Under these factors, the Court should consider this settlement

agreement fair and reasonable.[2]

13. Lastly, there remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.' " *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

14. Under the Settlement Agreement, Plaintiff's counsel would receive $19,500.00 for Attorneys' Fees and Costs incurred. *See* Exh. 1. Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was reached with respect to the Plaintiff's settlement outcomes. Given the full and uncompromised relief to the Plaintiff as to his FLSA unpaid wage claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiff's personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[3]

---

[2] A bona fide dispute exists in this case, as evidenced by its highly contested nature and the extensive Motions practice. While Plaintiff stands by his allegations that he was forced to work excess hours for which he was not compensated, and prevented from reporting any hours that would result in overtime, Defendants holdfast by the accuracy of their time records. No record evidence exists that would definitively resolve this dispute one way or another at this time.

[3] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the

15. Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits a Declaration together with a detailed billing statement.  (Exh. 2 & 2-A).  As detailed in this billing statement, Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[4] and has worked 98 hours.  *See* Exh. 2 ¶ 6.  Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at the hourly rate of $215.00, and has worked 84.1 hours.  *See* Exh. 3.  Scott E. Kraff and Gregory Herbers, former associate attorneys employed by Hoffman, who were also experienced and capable attorneys, worked on Plaintiff's claims at the hourly rate of $205.00; Kraff worked 48.1 hours while Herbers worked 49.7 hours.  *See* Exh. 2, ¶ 8-9.  Timothy J. McGarry, a former law clerk employed by Hoffman, also worked on Plaintiff's claims at the hourly rate of $150.00 and worked 39.3 hours.  *See* Exh. 2, ¶ 10.

16. In addition to the above, costs in this case amount to a total of $446.34.  *See* Ex. 2 ¶ 12. As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of August 17, 2020 is approximately $82,920.00 in fees and $446.34

---

settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. *See also Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

[4] Mr. Hoffman has twenty years of relevant legal experience.  *See* Exh. 2, ¶ 19-23.  The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

in expenses. (This will increase as counsel has continuing obligations in this case, even if this Settlement Agreement is approved). In light of these figures, the amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a considerable reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of about 75% or $63,420.00 to be precise).

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement and approve of and assist the Parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

  */s/ Howard B. Hoffman*
Howard B. Hoffman, Esq. (Bar No. 25965)
Jordan S. Liew, Esq. (Bar No. 20509)
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Attorneys for Plaintiffs*

            */s/ (with permission)*
            Jerrold A. Thrope (Bar No. 01376)
            Charles R. Bacharach (Bar No. 06751)
            Lauren E. Lake (Bar No. 20488)
            Gordon Feinblatt LLC
            233 East Redwood Street
            Baltimore, Maryland 21202
            (410) 576-4295
            (410) 576-4269 (fax)
            jthrope@gfrlaw.com
            cbacharach@gfrlaw.com
            llake@gfrlaw.com

            *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of August, 2020, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

            */s/ Jordan S. Liew*
            Jordan S. Liew