**EXHIBIT 2**

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Michael Pooner** | * | |
| *On behalf of himself and Others similarly situated* | * | |
| | * | |
| **Plaintiff** | | |
| | * | |
| v. | | Case No. 1:18-cv-01736-SAG |
| | * | |
| **Mariner Finance, LLC,** *et al.* | | |
| | * | |
| **Defendants** | | |
| _____/ | | |

**DECLARATION OF HOWARD B. HOFFMAN**

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I am the principal attorney of Hoffman Employment Law, LLC. I serve as counsel to the Plaintiff in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own practice law practice in 2002, and on July 1, 2018, the practice began operating as Hoffman Employment Law, LLC ("Hoffman Law"). For purposes of this case, I have employed the following associate attorneys,

---

[1]   I gained admission to this Court in January 2000.

Jordan S. Liew, Esq. ("Liew"), Scott E. Kraff, Esq. ("Kraff"), and Gregory B. Herbers, Esq. ("Herbers"). I have also employed Timothy J. McGarry ("McGarry") as a law clerk.

3. This case began after Mr. Michael Pooner contacted me seeking legal representation relating to wage issues that he had with the Defendants while employed with them.

4. Hoffman Law has maintained time and costs records in this case. From the inception of this case until March 11, 2020, all timekeepers used "RocketMatter"© software to record their time. After March 11, 2020, Hoffman Law migrated to using "Clio" © software to record their time. A true and correct copy of those billing records are attached as Exhibit 2-A. These billing records are organized by litigation phase, pursuant to the Court's Local Rules and Guidelines for Determining Attorneys' Fees, Appendix B.

5. The billing records reflect actual time expended in the prosecution of this litigation. The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. I have supervised associates and instructed them to accurately bill their time. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing. I have instructed my associates to do the same.

6. Through today's date (August 17, 2020), Hoffman Law has recorded and submits on my behalf a total of 98 hours in this case, valued at $400.00/hour (see below for basis for this claimed hourly rate), for a total value of $39,192.50.

7. Through today's date (August 17, 2020), Hoffman Law has recorded and submits on behalf of the work performed by Jordan Liew, a total of 84.1 hours in this case, valued at $215.00/hour (see below for basis for this claimed hourly rate), for a total value of $17,783.50. Liew was involved in drafting parts of the Reply to the Opposition to the

DocuSign Envelope ID: 32EF4B33-EE70-4F55-AB65-6BBC9B43EB1E

Motion for Conditional Certification, drafting and editing the Motion for Pre-Certification Discovery, reviewing pre-certification materials and drafting a Pre-Certification Discovery Status Report, drafting written discovery, calculating Plaintiff's damages based off of produced wage and hour and wage payment documents, and drafting the instant Joint Motion for Approval of FLSA Settlement Agreement.

8. Through today's date (August 17, 2020), Hoffman Law has recorded and submits on behalf of the work performed by Gregory Herbers, a total of 49.7 hours in this case, valued at $205.00/hour (see below for basis for this claimed hourly rate), for a total value of $10,188.50. Gregory B. Herbers is a former associate attorney employed by Hoffman Law. Herbers' was involved in drafting the Motion for Conditional Certification and conducting extensive factual research into the Corporate Defendant in support thereof.

9. Through today's date (August 17, 2020), Hoffman Law has recorded and submits on behalf of the work performed by Scott Kraff, a total of 48.1 hours in this case, valued at $205.00/hour (see below for basis for this claimed hourly rate), for a total value of $9,860.50. Kraff is a former associate attorney employed by Hoffman Law. Kraff was involved in conducting legal research on issues related to pre-certification discovery, drafting a Motion for Sanctions, drafting the Reply to the Opposition to the Motion for Pre-Certification Discovery, and factual research into the Corporate Defendant.

10. Through today's date (August 17, 2020), Hoffman Law has recorded and submits on behalf of the work performed by Timothy J. McGarry, a total of 39.3 hours in this case, valued at $150.00/hour (see below for basis for this claimed hourly rate) for a total value of $5,895.00. McGarry was involved in conducting research and providing general legal support for the case.

DocuSign Envelope ID: 32EF4B33-EE70-4F55-AB65-6BBC9B43EB1E

11. Therefore, the total value of fees incurred in this case by Hoffman Employment Law, LLC is $82,920.00, through today's date (August 17, 2020).

12. The total costs incurred by Hoffman Law in this case are set forth as follows: (i) postage fees in the amount of $46.34, which includes postage to clients, Defendants, and the Court; and (ii) the filing fee of $400.00. The total costs incurred by Hoffman Law in this case are $446.34.

13. Not included in these costs are the costs involved in extensive computerized legal research (we utilize WESTLAW).

14. Therefore, the total value of fees and costs in this case is $83,366.34. By accepting $19,500.00 for fees and cost reimbursement for our work on behalf of Plaintiff, I am therefore discounting ("writing down") part of our time as it relates to this settlement. Notably, these fees and costs were negotiated separately and secondarily, and only after reaching a tentative resolution as to the Plaintiff's recovery.

15. I was generally responsible for all facets of this case, including interviewing the Plaintiff, editing the Complaint, conducting research on the Corporate Defendant, revising and editing the Motion for Conditional Certification, drafting the Reply to the Opposition to the Motion for Conditional Certification, review and revision of the Motion for Precertification Discovery, drafting the Reply to the Opposition to the Motion for Precertification Discovery, and reviewing and revising the instant Motion for Approval of the Settlement Agreement. Additionally, I was involved with communicating with Plaintiff, supervising associate attorneys, and revising interrogatories and requests for production of documents.

16. Associates are utilized to increase delegation and assignment of tasks to persons who can complete them at a lower hourly rate.

17. In many instances, I have not recorded my time spent for calls/communications from Plaintiff requesting information regarding the status of this case, and the brief discussions from associates regarding proper direction and instruction.

18. In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case (e.g., filing fees, postage, copies, conference calls, court reporters, experts, etc.).

19. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing).

20. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in employment law in both Maryland and the District of Columbia (2016-2020).

21. I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not

limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); Dorsey et al. v. TGT Consulting, LLC, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case). Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

22. Additionally, while I would like to remain modest about my accomplishments in my twenty (20) years of practice, two of the more frequently cited published decisions involving the

First Amendment rights of law enforcement whistleblowers, decided by the U.S. Court of Appeals for the Fourth Circuit within the last decade, are cases that I prosecuted on behalf law enforcement whistleblowers, see, e.g., Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); Durham v. Jones, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was obtained in the amount of $1,112,200.00 against Somerset County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

23. Moreover, my work frequently casts me into the spotlight. By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014. While not employment related, my Section 1983 work on behalf of animal advocates in Baltimore County, see Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention. See http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

24. Neither Hoffman Law, nor any lawyer involved in this case, has charged (and will not charge) any Plaintiff in this case for any of the costs or fees that have been incurred in this

DocuSign Envelope ID: 32EF4B33-EE70-4F55-AB65-6BBC9B43EB1E

case.  No contingency fee is being charged to any Plaintiff.  The fee/cost awarded by the Court will be our sole compensation.

25. I believe that the recovery here is fair and reasonable.  In receiving more than 2x his estimated damages, in my opinion, the payment of the sums as settlement to Plaintiff, especially with no legal fees or costs charged to Plaintiff, represents a fair and reasonable resolution to his FLSA claims, based on my experience handling scores of FLSA cases. Plaintiff has been involved in the negotiation of this settlement (the settlement occurred in Court-supervised mediation) and have received a copy of the full settlement agreement. Naturally, Plaintiff supports the settlement outcome in this case.

25. I am requesting that the Court value my time at a rate of $400.00 an hour in this case *although the effective hourly rate is lower as I have discounted our legal fees and costs in the interest of settlement*.  This rate is consistent with the Lodestar Guidelines for an attorney with 20 years of experience, and who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys.  The complexity, duration, and skill required, as to my tasks and responsibilities in this case, clearly deserve a rate of $400.00.

26. Additionally, I am requesting that the Court value the time of my associate Liew at $215/hour and Herbers and Kraff at a rate of $205/hour (*although the effective hourly rates are lower as I have discounted our legal fees and costs in the interest of settlement*).  These rates are consistent with the Lodestar Guidelines in Appendix B of the U.S. District Court for the District of Maryland's Local Rules.  The education and work experiences of Mr. Liew is outlined in his respective Declaration.  In my opinion, Mr. Liew has acquired advanced knowledge and understanding of employment litigation generally, and he is

performing work more independently and very efficiently. Therefore, I believe that Mr. Liew is more akin to a mid-level associate in a management-side practice and should be appropriately valued as such.

27. Mr. Kraff is a 2016 graduate of the Georgetown University School of Law. As of March 25, 2020, Mr. Kraff was no longer employed with Hoffman Law. Mr. Kraff's resume is available upon request.

28. As of mid-April 2019, Mr. Herbers was no longer employed with Hoffman Law. Herbers' resume (available upon request) indicates that he has practiced law since 2015, after graduating from Pepperdine University School of Law, and he was admitted to the Maryland bar in December 2018 and the California bar in 2015.

**AFFIANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_____
Howard B. Hoffman, Esq.
August 17, 2020